# Exhibit A

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

JULY 2018                002918

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| JACKIE L. SULLIVAN | A.W. CHESTERTON INC |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 304 WOODWAY DRIVE<br>LYNCHBURG VA 24501 | 860 SALEM STREET<br>GROVELAND MA 01834 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| JOHN L.. SULLIVAN | ALLEN BRADLEY COMPANY |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 304 WOODWAY DRIVE<br>LYNCHBURG VA 24501 | 8020 EXCELSIOR DRIVE SUITE 200<br>MADISON WI 53717 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
|  | AURORA PUMP C/O LYNETTE JONES |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
|  | 13515 BALLANTYNE CORPORATE PLA<br>CHARLOTTE NC 28277 |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 2 | 48 | ☒ Complaint  ☐ Petition Action  ☐ Notice of Appeal<br>☐ Writ of Summons  ☐ Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | |
|---|---|---|---|
| ☐ $50,000.00 or less<br>☒ More than $50,000 00 | ☐ Arbitration<br>☐ Jury<br>☐ Non-Jury<br>☐ Other: | ☒ Mass Tort<br>☐ Savings Action<br>☐ Petition | ☐ Commerce<br>☐ Minor Court Appeal<br>☐ Statutory Appeals | ☐ Settlement<br>☐ Minors<br>☐ W/D/Survival |

| CASE TYPE AND CODE |
|---|
| T1 - MASS TORT - ASBESTOS |

STATUTORY BASIS FOR CAUSE OF ACTION

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | FILED<br>PRO PROTHY<br><br>JUL 25 2018<br><br>M. BRYANT | IS CASE SUBJECT TO<br>COORDINATION ORDER?<br>YES        NO |
|---|---|---|

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: <u>JACKIE L SULLIVAN , JOHN L.
SULLIVAN</u>

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| ROBERT E. PAUL | 1608 WALNUT ST<br>SUITE 500<br>PHILADELPHIA PA 19103 |

| PHONE NUMBER | FAX NUMBER |
|---|---|
| (215)735-9200 | (215)735-3888 |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 21252 | amazie@prmpclaw.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| ROBERT PAUL | Wednesday, July 25, 2018, 04:20 pm |

## COMPLETE LIST OF DEFENDANTS:

1. A.W. CHESTERTON INC
   860 SALEM STREET
   GROVELAND MA 01834
2. ALLEN BRADLEY COMPANY
   8020 EXCELSIOR DRIVE SUITE 200
   MADISON WI 53717
3. AURORA PUMP C/O LYNETTE JONES
   13515 BALLANTYNE CORPORATE PLA
   CHARLOTTE NC 28277
4. ARMSTRONG INTERNATIONAL
   2081 SOUTHEAST OCEAN BLVD. 4TH FLOOR
   STUART FL 34996
5. BATH IRON WORKS
   700 WASHINGTON STREET
   BATH ME 04530
6. BF GOODRICH COMPANY
   2730 W. TYVOLA ROAD
   CHARLOTTE NC 28217
7. BUFFALO PUMPS, INC.
   874 OLIVER STREET
   NORTH TONAWANDA NY 14120
8. CARRIER CORPORATION
   1 CARRIER PLACE
   FARMINGTON CT 06034
9. CBS CORPORATION, FORMERLY WESTINGHOUSE ELECTRIC CORP
   C/O PRENTICE HALL 80 STATE STREET
   ALBANY NY 12207
10. CERTAIN TEED CORPORATION
    20 MOORES ROAD
    MALVERN PA 19355
11. CLARK CONTROLLER CO. C/O GTE PRODUCTS OF CONNECTICUT CORPOR
    600 HIDDEN RIDGE
    IRVING TX 75038
12. CLEAVER BROOKS, INC. A DIVISION OF AQUA-CHEM, INC.
    3707 NORTH RICHARDS P.O. BOX 421
    MILWAUKEE WI 53201
13. COONEY BROTHERS
    1850 NORTH GRAVERS ROAD #100
    PLYMOUTH MEETING PA 19462
14. CRANE CO.
    100 FIRST STAMFORD PLACE
    STAMFORD CT 06902
15. EDWARDS VALVE K/N/A FLOWSERVE
    5215 N. O'CONNOR BLVD. SUITE 2300
    IRVING TX 75039
16. FLOWSERVE (SUCCESSOR TO ANCHOR DARLING)
    LEGAL DEPARTMENT 5215 N. O'CONNOR BLVD SUITE 2300
    IRVING TX 75039
17. FOSTER WHEELER LLC
    P.O. BOX 4000
    CLINTON NJ 08809
18. GENERAL DYNAMICS
    2941 FAIRVIEW PARK DRIVE
    FALLS CHIRCH VA 22042
19. GENERAL ELECTRIC COMPANY C/O CT CORPORATION SYSTEMS
    600 NORTH 2ND STREET SUITE 401
    HARRISBURG PA 17101
20. GOODYEAR CANADA
    450 KIPLING AVENUE
    TORONTO ON M8Z5E7
21. GOODYEAR TIRE AND RUBBER CO.
    251 LITTLE FALLS DRIVE
    WILMINGTON DE 19808

22. GARDNER DENVER
    222 EAST ERIE STREET
    MILWAUKEE WI 53202
23. GARDNER  DENVER NASH
    P.O. BOX 130
    BENTLEYVILLE PA 15314
24. GOULDS PUMPS INC.
    270 FALL STREET
    SENECA FALLS NY 13148
25. GREENE, TWEED & COMPANY
    227 WEST TRADE STREET SUITE 2170
    CHARLOTTE NC 28202
26. HERCULES
    2770 S. ERIE STREET
    MASSILLON OH 44646
27. HOWDEN NORTH AMERICA
    2475 GEORGE URBAN BLVD. SUITE 120
    DEPEW NY 14043
28. HUNTINGTON INGALLS INDUSTRIES
    4101 WASHINGTON AVENUE
    NEWPORT NEW  VA 23607
29. IMO INDUSTRIES F/K/A DE LAVAL STEAM TURBINES CO
    THE CORPORATION TRUST CO 1209 ORANGE STREET
    WILMINGTON DE 19801
30. INGERSOLL-RAND COMPANY
    ONE CENTENNIAL AVENUE
    PISCATAWAY NJ 08854
31. ITT BELL GOSSET
    8200 N. AUSTIN AVENUE
    MORTON GROVE IL 60053
32. ITT INC.
    1133 WESTCHESTER AVE
    WHITE PLAINS  NY 10604
33. J.A. SEXAUER
    570 TAXTER ROAD SUITE 230
    ELMSFORD NY 10523
34. JENKINS PUMPS
    816 GURBLY ROAD
    PIQUA OH 45356
35. JENKINS VALVES
    539 COLLIER MACMILLAN DRIVE UNIT C
    CAMBRIDGE ON N1R 7P3
36. JOHN CRANE INC.
    6400 OAKTON ROAD
    MORTON GROVE IL 60053
37. JOHNSON CONTROLS SUCCESSOR TO YORK
    5757 N. GREEN BAY AVENUE
    MILWAUKEE WI 53209
38. KUNKLE VALVE
    953 OLD US HIGHWAY 70
    BLACK MOUNTAIN NC 28711
39. METROPOLITAN LIFE INSURANCE CO
    200 PARK AVENUE ROOM 3200
    NEW YORKK NY 10166
40. MINNESOTA MINING AND MANUFACTURING
    3 M CENTER
    ST. PAUL MN 55144
41. NORTHERN PUMO
    340 W. BENSON AVENUE
    GRANTSBURY WI 54840
42. NORTHERN GRUMMAN CORPORATION
    2980 FAIRVIEW DRIVE
    FALLS CHURCH VA 22042
43. SELBY BATTERSBY AND COMPANY N/K/A SB DECKING, INC.
    ONE LOGAN SQUARE 130 N. 18TH STREET, STE 1210

```
          PHILADELPHIA PA 19103
    44. SQUARE D COMPANY
          200 N. MARTINGALE ROAD SUITE 100
          SCHAUMBURG IL 60173
    45. VIAD CORPORATION F/K/A DIAL CORP.
          1850 N. CENTRAL AVE., STE 1900
          PHOENIX AZ 85004
    46. WARREN PUMPS
          1209 ORANGE STREET
          WILMINGTON DE 19801
    47. WEIL MCLAIN, A DIVISION OF THE MARLEY COMPANY
          500 BLAINE STREET
          MICHIGAN CITY  IN 46360
    48. WEIL PUMP
          6337 WESTERN PUMP P.O. BOX 887
          CEDARBURG WI 53012
```

PAUL, REICH & MYERS P.C., P.C.
Firm No. 99997
By: Robert E. Paul, Esquire
Identification No. 21252
Attorney for Plaintiff
1608 Walnut Street, Suite 500
Philadelphia, PA  19103
(215) 735-9200





JACKIE L. SULLIVAN, Executrix of the
Estate of JOHN L. SULLIVAN, deceased,
and widow in her own right
304 Woodway Drive
Lynchburg, VA  24501

    vs.

A.W. CHESTERTON, INC. (127)
860 Salem Street
GROVELAND, MA  01834
    (continued...)

: July 25, 2018
:
:
:
:
:
:
: NO.
:
:
:
: ASBESTOS CASE



## NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

PHILADELPHIA BAR ASSOCIATION
LAWYER REFERRAL AND INFORMATION SERVICE
ONE READING CENTER
PHILADELPHIA, PENNSYLVANIA 19107
TELEPHONE. (215) 238-1701

## AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) días de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

ASOCIACIÓN DE LICENCIADOS DE FILADELFIA
SERVICIO DE REFERENCIA E INFORMACIÓN
ONE READING CENTER
FILADELFIA, PENNSYLVANIA 19107
TELÉFONO  (215) 238-1701

Case ID: 180702918

ALLEN-BRADLEY COMPANY ()
CT Corporation Systems
8020 Excelsior Drive
Suite 200
MADISON, WI USA 53717

AURORA PUMP ()
c/o Lynette Jones
13515 Ballantyne Corporate Place
CHARLOTTE, NC 28277

Armstrong International ()
2081 Southeast Ocean Blvd.
4th Floor
STUART, FL 34996

BATH IRON WORKS ()
700 Washington Street
BATH, ME 04530

BF GOODRICH COMPANY ()
2730 W. Tyvola Road
CHARLOTTE, NC 28217-4543

BUFFALO PUMPS, INC. ()
874 Oliver Street
NORTH TONAWANDA, NY 14120

CARRIER CORPORATION ()
1 Carrier Place
FARMINGTON, CT 06034

CBS Corporation, formerly Westinghouse Electric Corporation ()
c/o Prentice Hall
80 State Street
ALBANY, NY 12207

CERTAIN-TEED CORPORATION (090)
20 Moores Road
MALVERN, PA 19355

CLARK CONTROLLER CO. (396)
c/o GTE Products of Connecticut Corporation
600 Hidden Ridge
IRVING, TX 75038

CLEAVER-BROOKS, INC. (155)
A Division of Aqua-Chem, Inc.
3707 North Richards
P O Box 421
MILWAUKEE, WI 53201

COONEY BROTHERS (178)
1850 North Gravers Road
#100
PLYMOUTH MEETING , PA 19462

CRANE CO. (11752)
100 First Stamford Place
STAMFORD, CT 06902

EDWARDS VALVE ()
k/n/a Flowserve
5215 N. O'Connor Blvd, suite 2300
IRVIN, TX 75039

FLOWSERVE (167)
(successor to Anchor Darling)
Legal Department
5215 N. O'Connor Blvd., Suite 2300
IRVING, TX 75039

FOSTER WHEELER, LLC (131)
PO Box 4000
CLINTON, NJ 08809

GENERAL DYNAMICS ()
2941 Fairview Park Drive
FALLS CHURCH, VA 22042

GENERAL ELECTRIC COMPANY (064)
c/o CT Corporation Systems
600 North 2nd Street
Suite 401
HARRISBURG, PA 17101

GOODYEAR CANADA ()
450 Kipling Avenue
TORONTO, ON CANADA M8Z5E7

GOODYEAR TIRE AND RUBBER CO. ()

Case ID: 180702918

CORPORATION SERVICE CO.
251 Little Falls Drive
WILMINGTON, DE  19808

GARDNER DENVER
Milwaukee, WI

GARDNER DENVER NASH
P.O. Box 130
Bentleyville, PA 15314

GOULDS PUMPS INC. ()
270 Fall Street
SENECA FALLS, NY  13148

GREENE, TWEED & CO., INC. (132)
c/o Greene, Tweed NC, LLC
227 West Trade Street
Suite 2170
CHARLOTTE, NC  28202

HERCULES
2770 S. Erie Street
Massillon, OH 44646

HOWDEN NORTH AMERICA
2475 George Urban Blvd., Suite 120
Depew, NY 14043

HUNTINGTON INGALLS INDUSTRIES ()
4101 Washington Avenue
NEWPORT NEWS, VA  23607

IMO INDUSTRIES,  INC. ()
f/k/a De Laval Steam Turbine Company
The Corporation Trust Company
1209 Orange Street
WILMINGTON, DE  19801

INGERSOLL-RAND & CO. ()
Corporate Center
One Centennial Avenue
PISCATAWAY, NJ  08854

ITT BELL GOSSET ()
8200 N. Austin Avenue

MORTON GROVE, IL  60053

ITT INC. ()
1133 Westchester Avenue
WHITE PLAINS, NY  10604

J.A. SEXAUER ()
570 Taxter Road
Suite 230
ELMSFORD, NY  10523

JENKINS PUMPS ()
816 Gurbly Road
Piqua, OH  45356

JENKINS VALVES ()
539 Collier MacMillan Drive
Unit C
CAMBRIDGE ONTARIO , CANADA  N1R 7P3

JOHN CRANE, INC. (093)
6400 Oakton Road
MORTON GROVE, IL  60053

JOHNSON CONTROLS ()
Successor to York
5757 N. Green Bay Avenue
MILWAUKEE, WI  53209

KUNKLE VALVE ()
953 Old US Highway 70
BLACK MOUNTAIN, NC  28711

METROPOLITAN LIFE INSURANCE CO. ()
200 Park Avenue
Room 3200
NEW YORK , NY  10166

MINNESOTA MINING AND MANUFACTURING ()
3 M Center
ST. PAUL, MN  55144

NORTHERN PUMP
340 W. Benson Avenue
Grantsbury, WI 54840

Case ID: 180702918

NORTHROP GRUMMAN CORPORATION (150)
2980 Fairview Drive
FALLS CHURCH, VA  22042

SELBY BATTERSBY AND COMPANY (5786)
n/k/a SB DECKING, INC.
c/o Alan R. Gries, Esq_
GIBBONS, P.C.
One Logan Square
130 N. 18th Street, Suite 1210
Philadelphia, PA  19103

SQUARE D COMPANY (4399)
200 N. Martingale Road
Suite 100
SCHAUMBURG, IL  60173

VIAD CORPORATION
f/k/a Dial Corp.
1850 N Central Ave., Ste. 1900
Phoenix, AZ 85004

WARREN PUMPS LLC ()
Corporation Trust Center
1209 Orange Street
WILMINGTON, DE  19801

WEIL McLAIN, A Division of The Marley Company, A Wholly Owned Subsidiary of
United Dominion Industries, Inc. (163)
500 Blaine Street
MICHIGAN CITY, IN  46360

WEIL PUMP ()
6337 Western Road
P.O. Box 887
CEDARBURG, WI  53012

PAUL, REICH & MYERS P.C., P.C.
Firm No. 99997
By: Robert E. Paul, Esquire
Identification No. 21252
Attorney for Plaintiff
1608 Walnut Street, Suite 500
Philadelphia, PA 19103
(215) 735-9200



IN THE COURT OF COMMON PLEAS
OF PHILADELPHIA COUNTY
TRIAL DIVISION, CIVIL SECTION

JACKIE L. SULLIVAN, Executrix of the    : July 25, 2018
Estate of JOHN L. SULLIVAN, deceased,    :
and widow in her own right    :
304 Woodway Drive    :
Lynchburg, VA 24501    :
   :
     vs.    : NO.
   :
A.W. CHESTERTON, INC. (127), et al.    :
 860 Salem Street    :
GROVELAND, MA 01834

COMPLAINT – CIVIL ACTION
ASBESTOS

1) Plaintiff, Jackie L. Sullivan, Executrix of the Estate of John L. Sullivan, resides at 304

     Woodway Drive, Lynchburg, VA, and is a citizen of the State of VA. The decedent who

     was exposed to asbestos was John L. Sullivan, who died on 12/23/16.

2) Plaintiff's deceased, John L. Sullivan, was born on September 20, 1948.

3) Plaintiff's deceased, John L. Sullivan's only dependent was his wife Jackie L. Sullivan.

4) Plaintiff's deceased, John L. Sullivan, smoked approximately 1 pack(s) of cigarettes per

     day from 1965 until 2015.

Case ID: 180702918

5) Decedent's Social Security and IRS records will be furnished upon receipt.

6) Decedent's work history is as follows:

   a) Gas Station in Missouri.

   b) ~~Entered Navy October 18, 1967 and was assigned to USS Norfolk, DL-1, 1/7/68~~

      9/27/68

      USS Biddle, DL 6-34, 1/8/69-8/8/69

      US Lexington, 1/31/70-6/14/71, 6/25/71-2/4/72

      Throughout this period he was assigned to the fire rooms and engine rooms of the ships

      and rose to the rank of E5 as a machinist mate. On the Biddle he was exposed to

      asbestos released into the engine and fire rooms during repairs at Philadelphia navy

      prior to his service.

   c) In **02/05/72** to **12/31/72** he was in the Naval Reserve as machinist mate.

   d) In 1/2/73 he re-entered the navy he was initially assigned to USS Blakely DE-1072.
Later he was assigned to USS Saratoga in 1975-1976. That ship had been overhauled at
the Philadelphia Navy Yard and asbestos dust released during that repair was still in the
air of the engine rooms and fire rooms of the ship where decedent breathed the asbestos
dust and which inhalation caused his lung cancer.

   e) In 1977-January 10, 1980 he was assigned to the USS Charles Adams. During his
service on the Adams the ship spent a full year at the Philadelphia Navy Yard during
repair. Decedent was involved in asbestos removal and installation. During that
process he inhaled asbestos being released from pipes, covering, compressors, turbines,
boilers and valves on the ship in Philadelphia.

      f)  Plaintiff believes and therefore avers he had no known asbestos exposure after

          January 10, 1980.

7)  Decedent was exposed to asbestos at all sites set forth supra.  She notes that decedent was

    ~~present during the overhaul and repair of the USS Adams in Philadelphia for a full year.~~

8)  Plaintiff incorporates by reference against defendants all the allegations of all the

    Complaints filed in <u>Joan Nealy, Executrix of the Estate of Harry Platt v. Abex Corporation,</u>

    et al., Philadelphia C.P. May Term, 1985, No. 2678, <u>Rafael and Cecilia Montero v. Abex</u>

    <u>Corporation</u>, et al., Philadelphia C.P. July Term, 1986, No. 1216, and <u>Richard and Suzanne</u>

    <u>Balbirer v. Abex Corporation</u>, et al., Philadelphia C.P. July Term, 1986, No. 649, and <u>Anna</u>

    <u>Tedeschi, Administratrix of the Estate of Cosmo Tedeschi v. Abex Corporation</u>, et al.,

    Philadelphia C.P. January Term, 1986, No. 1641, and in the Master Plaintiffs' Complaint

    filed and prepared pursuant to the Order establishing the Master Pleadings Procedure in the

    Court of Common Pleas as if fully set out herein.


9)  All allegations against defendants named in this lawsuit which were made in the Complaints

    filed in the lawsuits annotated in Paragraph 8 above or in the Master Complaint are

    incorporated by reference.

10) The defendants are those companies listed in the caption.  The principal places of business

    and the states of incorporation of each of the defendants are set out in the above-referenced

    filed master complaint or herein.

      a)  Defendant, Allen-Bradley Company, is a Wisconsin corporation with its principal place

         of business at 1201 S. Second Street, Milwaukee, Wisconsin 53204. Allen-Bradley is

         the successor in interest to the Rostone Corporation or sole shareholder of its creature

and alter ego Rostone Corporation. It is responsible for all injuries caused by Rostone or
by the Rostone Division of Allen-Bradley or its predecessors. The various Rostone
entities sold Rosite and other asbestos containing products to Westinghouse Electric and
other entities. These asbestos products caused the injuries complained of herein.

b)  At all times material defendant Aurora Pump or its predecessors in interest sold
equipment or valves or both insulated with asbestos or designed to be insulated with
asbestos.

c)  At all times materials Armstrong sold steam traps, air vents and liquid drainers which
contained asbestos gaskets. Exposure to the asbestos in Armstrong steam traps, air
vents and liquid drainers caused the injuries herein.

d)  Bath Iron Works registered with the Pennsylvania Secretary of state in 1954 and again
in 2003. It thus subjected itself to the in personam jurisdiction of Pennsylvania. Bath
Iron Works built and repaired ships intended and designed to be insulated with asbestos.
It knew its ships would be repaired at the Philadelphia Navy yard including the USS
Adams. As a result of exposure to this asbestos the injured party developed the injuries
complained of herein.

e)  Defendant, BF Goodrich Company, is a New York corporation with its principal place
of business located at 3925 Embassy Parkway, Akron, Ohio. At all times material it sold
cement, gaskets and brake linings to which the injured person was exposed.

f)  At all times Buffalo sold pumps and/or valves insulated with asbestos or designed to be
insulated with asbestos. As a result of exposure to asbestos on Buffalo pumps the
injured party suffered the injuries complained of herein.

g) At all times material Carrier sold asbestos containing equipment. Exposure to asbestos on Carrier's equipment caused the injuries complained of herein.

h) Defendant, Cleaver-Brooks, Inc., is a Delaware corporation with a principal place of business located in Lebanon, Pennsylvania. At all times material hereto Cleaver-Brooks, Inc. sold boilers which were designed or intended to be insulated with asbestos. Because the boilers failed to contain adequate and sufficient warnings of the possible hazards of asbestos, they were defective and the conduct of defendant in selling that those products without such warnings was negligent. Since asbestos insulation on the boilers had to be removed, it was dangerous and warnings should have been given.

i) Crane Company is a Delaware Corporation with its principal place of business in Connecticut. It is the successor in interest to its former parent, Crane Company, an Illinois corporation, and liable for injuries due to exposure to the former Illinois Crane's asbestos products. At all times material to this action, Crane's predecessor sold Cranite sheet packing, packing for valves, braided asbestos, wick and rope packing, asbestocel, 85% magnesia, wool felt and other asbestos pipe insulation. Exposure to the asbestos dust from these products caused the injuries complained of herein.

j) At all times, Flowserve and its predecessors such as but not limited to Edwards Valve and Darling Valve sold or designed valves intended to contain asbestos, exposure to those valves and asbestos caused the injuries complained o herein.

k) Defendant, Flowserve, successor in interest to Anchor Darling Valve, is a Pennsylvania corporation with its principal place of business located at 701 First Street, Williamsport, Pennsylvania.

Case ID: 180702918

l)  Gardner Denver is a Delaware Corporation, with a principal place of business in
    Wisconsin.  At all times material it sold equipment designed and intended to contain
    asbestos. Exposure to that asbestos caused the injuries herein.

m) Gardner-Denver-Nash is the successor to Nash Engineering.  Nash sold equipment
    designed and intended to contain asbestos.  Exposure to the asbestos on the Nash
    equipment caused the injuries herein.

n)  GENERAL DYNAMICS registered with the Pennsylvania Secretary of state in 1957.
    It this subjected itself to the in personam jurisdiction of the Court.  General Dynamics
    owned the Fore River Shipyard which built the USS Lexington.  The defendant's
    predecessor Fore River designed and intended the Lexington to contain asbestos and
    knew it.

o)  At all times materials Goodyear Canada made asbestos containing gaskets and packing.
    Exposure to such products caused the injuries complained of herein

p)  Defendant, Goodyear Tire & Rubber Co., is a corporation organized and existing under
    the laws of the Commonwealth of Kentucky with its principal place of business in
    Kentucky and is doing business in the Commonwealth of Pennsylvania. At all times
    material hereto, defendant, Goodyear Tire & Rubber Co., manufactured, produced and
    sold asbestos products either directly or indirectly, in the geographical area in which
    plaintiffs worked and/or to the employers of the plaintiffs, including, but not limited to,
    asbestos brake linings.

q)  At all times, Gould Pumps sold asbestos products which caused the injuries complained
    of herein.

Case ID: 180702918

r)  Defendant, Greene, Tweed & Company, is a Pennsylvania corporation with its principal place of business located at Detweiler Road, Kulpsville, Pennsylvania.

s)  Hercules is the successor in interest to Hercules which sold generators and other ~~equipment designed and intended to contain asbestos. Exposure to the asbestos on the~~ Hercules equipment caused the injuries.

t)  Howden North America is the successor in interest to Buffalo Forge. At all times material Buffalo Forge sold equipment designed and intended to contain asbestos. Exposure to the asbestos caused the injuries herein.

u)  At all times material Huntington's predecessors Northrop Grumman Shipbuilding and Newport News Shipbuilding designed the USS John F. Kennedy to contain asbestos. Exposure to asbestos on the ship caused the injuries herein. Further, Huntington's predecessors registered with the Pennsylvania Secretary of State thus subjecting it to the in personam jurisdiction of Pennsylvania Courts.

v)  Defendant, IMO formerly De Laval Steam Turbine Company is a Delaware corporation with its principal place of business located in New Jersey. At all times material it sold asbestos-containing turbines and other engines to which decedent was exposed and which caused his injury..

w)  At all times material Ingersoll Rand sold products insulated with asbestos which exposed decedent to asbestos which caused injury. Ingersoll is also the successor in interest to Terry Steam Turbine Company.

x)  At all times material defendant ITT Bell Gossett sold asbestos containing pumps, heat transfer equipment and valves. The asbestos in that equipment caused the injuries complained of herein.

y)  At all times relevant defendant, through its Aquisition of Nesbitt, also acquired liabilities of Nesbitt.  The Nesbitt company designed its boilers and heating equipment to contain asbestos.  Exposure to asbestos on Nesbitt boilers caused the injuries herein.

z)  Defendant, Sexauer J.A. Manufacturing Company is a California corporation with its principal place of business located at 105 Mayo Avenue, Vallejo, California. At all times material to this action it sold asbestos-containing products to which plaintiff or decedent was exposed. This exposure was a substantial contributing factor to the injury complained of herein.

aa)  At all times material defendant Jenkins sold pumps and valves insulated with asbestos or designed to be insulated with asbestos. Exposure to the asbestos from Jenkins pumps and valves caused the injuries complained of herein.

bb) At all times material Jenkins Valves sold asbestos-containing products and such exposure to these products caused the injuries herein.

cc) Defendant, John Crane, Inc., formerly known as Crane Packing and John Crane-Houdaille, is a Delaware corporation with its principal place of business at 6400 Oakton Road, Morton Grove, Illinois.

dd) At all times material defendant, Johnson Controls or its predecessors in interest designed and/or intended its equipment to include asbestos or knew its products were likely to be insulated with asbestos.  Exposure to the asbestos from the defendant's product caused the injuries complained of herein.

ee)  At all times, material Kunkle and its predecessor Je Lonergan sold valves designed to include asbestos, exposure to the valves and asbestos caused the injuries herein.

ff)   At all times material Metropolitan Life Insurance Company conspired with others to prevent dissemination of knowledge of the possible hazards of asbestos.

gg)   At all times material defendant Minnesota Mining and Manufacturing sold asbestos products which caused the injuries complained of herein including arc proofing tape and also sold defective respirators which did not prevent the injuries herein. It is also sued as a supplier of asbestos-containing body filler and other products for automobiles.

hh)   At all times material defendant Northern Pump sold pumps and valves insulated with asbestos the asbestos from the pumps and valves caused the injuries complained of herein.

ii)   At all times material Northrop acquired Avondale ship yard.  Avondale built and repaired ships intended to contain asbestos at issue in this case particularly the USS Blakely.  Northrop through predecessors registered with the Pennsylvania Secretary of State and thus subjected itself to in personam jurisdiction of Pennsylvania Courts.

jj)   Defendant, Selby Battersby and Company, was a Pennsylvania corporation with its principal place of business at 5220 Whitby Avenue, Philadelphia, Pennsylvania, 19143 and at all times material it sold asbestos-containing spray and other asbestos-containing products to which Plaintiff was exposed.

kk)   Defendant, Square D Company, is a Delaware corporation with its principal place of business located at Executive Plaza, Palatine, Illinois. It negligently sold defective asbestos-containing wire, cable, arc chutes and other asbestos-containing products including, but not limited to, brakes to which plaintiff/decedent was exposed.

ll)   Defendant, Viad Corporation, is a Delaware corporation with its principle place of business in Arizona.  It is the successor in interest to Baldwin Locomotive Baldwin-

Lima-Hamilton and responsible for all injuries caused by exposure to asbestos products installed on Baldwin-Lima-Hamilton and which exposure caused the injuries complained of herein.

mm) At all times material defendant Warren Pump and/or its predecessors in interest such as Quimby sold equipment or valves or both insulated with asbestos or designed to be insulated with asbestos.

nn) Defendant, Weil-McLain Company, a division of the Marley Company which is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Kansas. At all times material hereto, Defendant, Weil-McLain Company, manufactured, produced and sold, either directly or indirectly to the employers of plaintiffs and/or to contractors on job sites on which plaintiffs worked, asbestos products.

oo) At all times material Weil sold pumps designed to use asbestos. The asbestos dust from the Weil pumps caused the injuries complained of herein.

11) During the course of his employment at the worksites noted in Paragraph 6 supra, plaintiff believes and therefore avers that the decedent was exposed to asbestos fiber or asbestos products manufactured, sold, distributed, or otherwise placed into the stream of commerce by the defendants.  The term asbestos products as used herein includes asbestos-containing products such as boilers and engines and furnaces and turbines. The term asbestos-containing as used herein means products sold with asbestos or products whose designers, manufacturers and fabricators knew, should or could have known that it would be insulated or could be insulated with asbestos.

Case ID: 180702918

12) Plaintiff does not now know whether or not the decedent was exposed to asbestos products at worksites other than those enumerated in Paragraph 6 above, but she reserves her right to assert at trial that he was so exposed at the other sites, should such evidence develop. ~~Plaintiff avers that should such evidence develop, she will promptly~~ notify defendants well in advance of trial.

13) Plaintiff's deceased, John L. Sullivan, was diagnosed as having contracted Lung Cancer as a result of his asbestos exposure by Dr. Karl W. Biesemier, M.D. on or about September 2, 2016 and such diagnosis was accompanied by discernible or ascertainable physical symptoms and/or functional impairment and/or other detrimental effects as a result of the exposure to asbestos. Plaintiff has developed symptoms due to his asbestos inhalations and injuries.

14) Plaintiff pleads for all of the items of damages set forth in the Complaints filed in the cases of <u>Rafael Montero</u>, supra, <u>Richard Balbirer</u>, supra and in the Master Complaint for all asbestos cases in the Court of Common Pleas which Complaints are referenced in Paragraph 8 of this Complaint.

**WHEREFORE**, plaintiff demands of defendants a sum in excess of Fifty Thousand Dollars ($50,000.00), exclusive of interest and costs for compensatory damages, and a sum in excess of Fifty Thousand Dollars ($50,000.00) in punitive damages.

PAUL, REICH & MYERS P.C., P.C.

BY: _____
ROBERT E. PAUL

## VERIFICATION

I, **ROBERT E. PAUL,** attorney for plaintiff in the foregoing pleading, state that the facts set forth are true and correct to the best of his knowledge, information and belief; and that this statement is made subject to the penalties of 18 Pa.C.S. §4904, which relates to unsworn falsification to authorities and that he takes this verification because none of his clients verifications can be obtained within the time allowed for filing the within complaint.

ROBERT E. PAUL, ESQUIRE
Attorney for Plaintiff

Case ID: 180702918