IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACKIE L. SULLIVAN, Executrix of the Estate of JOHN L. SULLIVAN, Deceased, and widow in her own right<br><br>  Plaintiff,<br><br>  v.<br><br>A.W. CHESTERTON COMPANY, et al.<br><br>  Defendants. | : CONSOLIDATED UNDER<br>: MDL 875<br>:<br>:<br>:<br>:<br>:<br>: E.D. PA CIVIL ACTION NO.<br>: 18-cv-3622<br>:<br>:<br>:<br>:<br>:<br>: |

**O R D E R**

**AND NOW**, this **1st** day of **April, 2022,** upon consideration of the motion for summary judgment filed by Defendant CBS Corporation (ECF No. 309) and the response and reply thereto, it is hereby **ORDERED** that motion is **GRANTED**.[1]

---

[1]  John L. Sullivan served in the United States Navy from 1967 to 1980. Mr. Sullivan's widow, Jackie Sullivan, brought this suit on behalf of Mr. Sullivan and in her own right, alleging that Mr. Sullivan's occupational exposure to asbestos during his Navy service is attributable to certain equipment manufactured by the Westinghouse Electric Corporation ("Westinghouse"). Defendant CBS Corporation ("CBS") is a successor by merger of Westinghouse.

For the purpose of summary judgment, CBS admits that Westinghouse manufactured turbines were installed on certain ships aboard which Mr. Sullivan served, specifically the USS Norfolk, the USS Lexington, the USS Saratoga, and the USS Charles F. Adams.

Defendant CBS argues that it is entitled to summary judgment, inter alia, because it is not liable for asbestos allegedly provided by a third-party under the test announced by

the Supreme Court in Air and Liquid Systems Corp. v. DeVries, 139 S. Ct. 986 (2019).

## I. Standards

Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or non-existence might affect the outcome of the litigation, and a dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. at 242 (1986); see Scott v. Harris, 550 U.S. 372, 380 (2007). The mere existence of some disputed facts will not overcome a motion for summary judgment. Am. Eagle Outfitters v. Lyle & Scott Ltd., 584 F.3d 575, 581 (3d Cir. 2009) (quoting Anderson, 477 U.S. at 247-48). In undertaking this analysis, the Court must view all facts in the light most favorable to the non-moving party. Scott, 550 U.S. at 380.

While the moving party bears the initial burden of showing the absence of a genuine dispute of material fact, meeting this obligation shifts the burden to the non-moving party who must "set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 250. Inferences based on speculation or conjecture do not create material fact disputes. Keating v. Pittston City, 643 Fed. Appx. 219, 222 (3d Cir. 2016) (quoting Halsey v. Pfeiffer, 750 F.3d 273, 287 (3d Cir. 2014)).

## II. Analysis

Resolving a circuit split on the availability of the bare-metal defense under maritime law, the Supreme Court outlined the test to be used when assessing manufacturer liability for dangerous parts added to their products by a third-party. DeVries, 139 S. Ct. at 994. The Court held that a manufacturer has a duty to warn where "(i) its product requires incorporation of a part, (ii) the manufacturer knows or has reason to know that the integrated product is likely to be dangerous for its intended uses, and (iii) the manufacturer has no reason to believe that the product's users will realize that danger." DeVries, 139 S. Ct. at 995. The Court further clarified that a product "requires" incorporation of a part where: "(i) a manufacturer directs that the part be incorporated," "(ii) a manufacturer itself makes the product with a part that the manufacturer knows will require replacement with a similar

part," or "(iii) a product would be useless without the part." Id. at 995-96 (citations omitted).

Defendant CBS argues that even if Plaintiff could demonstrate that Mr. Sullivan was exposed to asbestos associated with a Westinghouse product—which CBS disputes—the undisputed facts demonstrate that CBS is entitled to the bare-metal defense under the DeVries test. This Court agrees, finding that Plaintiff has failed to demonstrate that Westinghouse's equipment "required" asbestos, and thus Plaintiff cannot satisfy DeVries's first prong.

### A. Plaintiff Failed to Show that Westinghouse Directed the Incorporation of Asbestos

In its motion for summary judgment, CBS pointed to evidence that Westinghouse products procured by the Navy were required to adhere to detailed Military Specifications. These specifications were enforced through an extensive oversight program, and the Navy would not accept any equipment that failed to conform to its requirements.

The specifications in place at the time the above-mentioned ships were launched required that Naval turbines be delivered "bare metal," meaning without any insulation applied. Any insulation required by those specifications were to be provided by the Navy's shipbuilder, rather than the equipment manufacturer. According to CBS, even in instances where an equipment manufacturer's drawings or manuals noted the use of asbestos insulation, these merely reflected the Navy's choice of materials.

To rebut Defendant's showing, Plaintiff points to a Westinghouse internal newspaper and the affidavits of two former Westinghouse employees. The newspaper described production of asbestos "topcoats" for turbines in Westinghouse's South Philadelphia Works in Lester, Pennsylvania. The two employees worked at the same facility. The article, however, notes that the topcoats were intended for power generation facilities, which would not be governed by the Navy's Military Specifications. As this Court has recognized in prior cases, evidence related to a manufacturer's use of asbestos on land-based turbines built for civilian uses sheds little light on equipment developed in conformance with the Navy's detailed Military Specifications. See DeVries v. General Electric, 547 F. Supp. 3d 491, 494-495 (E.D. Pa. 2021).

Plaintiff also offered Westinghouse turbine insulation attachment drawings as evidence that Defendant required or directed the incorporation of asbestos. However, rather than

3

disputing Defendant's account of the Navy's procurement process, the drawings bolster it by noting that "insulation [is] to be furnished and applied by the shipbuilder," and that "[a]ll insulation and cement must meet the requirements" of military specifications, specifically "S391 of Feb. 1st 1956." Pl. Mem. Opp. Summ. J. Ex. Z, ECF 347-26 at 12 (emphasis added).

Accordingly, Plaintiff is unable to show that Westinghouse directed the incorporation of asbestos in its turbines intended for Navy use.

### B. Plaintiff Has Failed to Show that Westinghouse Made the Product with Asbestos Insulation Attached

As discussed above, both Plaintiff and Defendant pointed to evidence that indicated that Westinghouse supplied its equipment to the Navy without insulation applied. Defendant noted the requirements of the relevant Military Specifications, while Plaintiff offered Westinghouse drawings and manuals which explained that asbestos was to be supplied by the Navy's shipbuilder. Accordingly, there is no genuine dispute as to whether Westinghouse "[made] the product with a part that the manufacturer knows will require replacement with a similar part." DeVries, 139 S. Ct. at 995.

### C. Westinghouse's Turbines Would Not Have Been Useless Without Asbestos

The availability of asbestos alternatives is a point on which Plaintiff and Defendant appear to agree. CBS notes that "by the early 1930s" the Navy had identified aluminum foil and rock wool as "acceptable substitutes for asbestos." Def. Mem. Supp. Summ. J. 7, ECF 309 at 9. Plaintiff, seemingly in agreement, argued that "navy [sic] insulation standards permitted other products. . . . The navy [sic] didn't require asbestos, Westinghouse did. They [sic] Navy would have allowed alternatives." Pl. Mem. Opp. Summ. J. 7-8, ECF 347 7-8.

To establish that a product would have been useless without a part—here, asbestos insulation—a plaintiff must show that the product would have been unable to function without the part's incorporation. See DeVries v. General Electric, 547 F. Supp. 3d at 495. Given that the parties agree that there were suitable alternatives to asbestos that would have enabled Westinghouse's turbines to function, Plaintiff has failed to establish this prong of the DeVries test.

4

**AND IT IS SO ORDERED.**

*/s/ Eduardo C. Robreno*
**EDUARDO C. ROBRENO, J.**

---

### III. Conclusion

Plaintiff has failed to establish that Westinghouse's products "required" asbestos under the test established in DeVries. Accordingly, CBS is entitled to summary judgment on its bare-metal defense.

5